IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

KEYLA CEDILLOS HERNANDEZ, et al.,  §
                                   §
            Plaintiffs,            §
                                   §
VS.                                §       Civil Action No. 3:23-CV-2244-D
                                   §
VENTURA SYS LLC, et al.,           §
                                   §
            Defendants.            §

MEMORANDUM OPINION
AND ORDER

Plaintiffs Keyla Cedillos Hernandez, individually and as anticipated representative of the estate of Juan Pablo Cedillos Alfaro ("Alfaro"), deceased, Pablo Josue Cedillos Hernandez, and Rosie Saucedo, individually and as next friend of K.C., a minor child (collectively, "plaintiffs," unless otherwise indicated), filed this removed action against defendants Ventura Sys LLC ("Ventura") and Osbel Herrero-Fraga ("Herrero") arising from a motor vehicle accident.  Ventura moves to dismiss plaintiffs' direct negligence, negligent entrustment, negligent hiring/training/supervision/retention, and gross negligence claims under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted.  For the reasons that follow, the court grants the motion and also grants plaintiffs leave to replead.[1]

---

[1]Ventura does not move to dismiss plaintiffs' claim for vicarious liability (respondeat superior) for Herrero's conduct.  *See* D. Mot. (ECF No. 17) at 2, ¶ 1 ("Ventura does not contend . . . that Plaintiffs' claims against Defendant Ventura for vicarious liability fail to state a claim for relief.").  Therefore, even if plaintiffs failed to replead, this memorandum opinion and order does not effect the dismissal of all of plaintiffs' claims against Ventura.

I

This lawsuit arises from a motor vehicle accident that occurred in Dallas on Interstate 30.[2]  At the time of the accident, Herrero was transporting goods in a tractor-trailer for his employer, Ventura.  Herrero parked the tractor-trailer on the shoulder of Interstate 30 to inspect the vehicle for a mechanical failure after a light engaged on the dashboard.  The accident occurred when Alfaro, traveling westbound, veered out of his lane and collided with Herrero's parked tractor-trailer.  According to Ventura, Alfaro veered out of his lane because he was distracted by his telephone.  Alfaro died as a result of the collision.

Plaintiffs brought this suit against defendants in Texas state court, alleging that Herrero was negligent, negligent *per se*, and grossly negligent; that Ventura is vicariously liable for Herrero's negligence; that Ventura acted negligently in hiring, training, retaining, supervising, and entrusting operation of the tractor-trailer to Herrero; and that Ventura was grossly negligent.  After defendants removed the case to this court, plaintiffs filed a first amended complaint ("amended complaint").  Ventura now moves to dismiss plaintiffs' negligent entrustment, negligent hiring, training, supervision, and retention, and gross negligence claims.  The court is deciding the motion on the briefs, without oral argument.

---

[2]In deciding Ventura's Rule 12(b)(6) motion, the court construes plaintiffs' first amended complaint in the light most favorable to them, accepts as true all well-pleaded factual allegations, and draws all reasonable inferences in plaintiffs' favor. *See, e.g.*, *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004).

II

"In deciding a Rule 12(b)(6) motion to dismiss, the court evaluates the sufficiency of [plaintiffs'] amended complaint by 'accept[ing] all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff[s].'" *Bramlett v. Med. Protective Co. of Fort Wayne, Ind.*, 855 F.Supp.2d 615, 618 (N.D. Tex. 2012) (Fitzwater, C.J.) (second alteration in original) (internal quotation marks omitted) (quoting *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). To survive a Rule 12(b)(6) motion to dismiss, plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (alteration omitted) (quoting Rule 8(a)(2)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

III

The court first considers plaintiffs' negligent entrustment claim against Ventura.

A

Ventura contends that plaintiffs have neither pleaded any facts regarding how Herrero was an unlicensed, incompetent, or reckless driver nor pleaded any facts regarding how Venture knew or should have known that Herrero was an unlicensed, incompetent, or reckless driver, and that plaintiffs are relying on conclusory statements and labels when alleging that Ventura performed an inadequate background check and failed to verify Herrero's driving competence.

Plaintiffs respond that they have made several specific assertions regarding how Ventura acted negligently in entrusting operation of the tractor-trailer to Herrero: the amended complaint alleges that, at the time of the accident, Ventura owned or controlled the vehicle Herrero was driving; that the tractor-trailer driven by Herrero was entrusted to him by Ventura; that, prior to hiring Herrero, Ventura performed an inadequate driving background check and failed to verify Herrero's driving competence; that Ventura was negligent in entrusting the vehicle to Herrero in that he was an incompetent and/or reckless driver; that Ventura knew or, through the exercise of ordinary care during the hiring process, should have known that Herrero was an incompetent and/or reckless driver; and that Ventura was therefore negligent in entrusting the vehicle to Herrero and such negligent acts and omissions by Ventura were done with conscious indifference to the rights and safety of others, which was a direct and proximate cause of the incident and a producing cause of

- 4 -

injury and damages to plaintiffs.  Plaintiffs maintain that these allegations satisfy Rule 8(b), and that modest discovery can be expected to "fill any holes" regarding plaintiffs' negligent entrustment claim.

B

To plead a plausible claim for negligent entrustment under Texas law, a plaintiff must demonstrate that: (1) the owner entrusted the vehicle; (2) to a driver who was unlicensed, incompetent, or reckless; (3) and the owner knew or should have known the driver was unlicensed, incompetent, or reckless; (4) the driver was negligent; and (5) the driver's negligence proximately caused the collision. *See Hann v. IMC Waste Disposal*, 2023 WL 4208057, at *3 (N.D. Tex. June 27, 2023) (O'Connor, J.) (quoting *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 758 (Tex. 2007)).

Whether a driver is incompetent or reckless is determined at the time of entrustment, *not* at the time of the accident. *See Onofre v. C.R. Eng., Inc.*, 2016 WL 3406196, at *6 (W.D. Tex. June 17, 2016) (quoting *Louis Thames Chevrolet Co. v. Hathaway*, 712 S.W.2d 602, 604 (Tex. App. 1986, no writ)).  A plaintiff can demonstrate that a driver is incompetent or reckless by pointing to previous traffic violations or other past events that suggest that the driver was incompetent at the time of entrustment. *See Revisore v. West*, 450 S.W.2d 361, 364 (Tex. App. 1970, no writ); *see also Phillips v. Super Servs. Holdings, LLC*, 189 F.Supp.3d 640, 653 (S.D. Tex. 2016) (assessing whether record is sufficient to establish recklessness or incompetence based on number and remoteness of traffic violations).  A driver is presumed competent, however, if, absent any evidence to the contrary, he possesses

a valid, unrestricted driver license. *See Baird v. Shagdarsuren*, 2020 WL 208815, at *7 (N.D. Tex. Jan. 14, 2020) (Boyle, J.) (quoting *Batte v. Hendricks*, 137 S.W.3d 790, 791 (Tex. App. 2004, pet. denied)). Texas courts have therefore concluded that "an owner of a vehicle does not have an affirmative duty to investigate the background of a driver before permitting him to drive the vehicle, when, . . . the driver [has] a valid driver's license." *Kilpatrick v. Vasquez*, 2011 WL 1233468, at *4 (Tex. App. 2011, no pet.) (first citing *Batte*, 137 S.W.3d at 791; then citing *Avalos v. Brown Auto. Ctr., Inc.*, 63 S.W.3d 42, 49 (Tex. App. 2001, no pet.); and then citing *Bartley v. Budget Rent-A-Car Corp.*, 919 S.W.2d 747, 752 (Tex. App. 1996, writ denied)).

C

Viewing the facts in light most favorable to plaintiffs and assuming that Ventura entrusted the vehicle to Herrero, that Herrero was negligent, and that Herrero's negligence proximately caused the collision, plaintiffs have failed to plead sufficient facts for the court to draw the reasonable inference that Herrero was an unlicensed, incompetent, or reckless driver at the time of entrustment, or that Ventura knew or should have known that Herrero was an unlicensed, incompetent, or reckless driver.

Plaintiffs allege that Herrero was an *incompetent or reckless* driver, not that Herrero was an *unlicensed* driver. Because plaintiffs do not dispute that Herrero was properly licensed, they must plead some facts that rebut the presumption that Herrero was a competent driver. *See Baird*, 2020 WL 208815, at *7. But plaintiffs do not plead any facts regarding Herrero's driving history, such as previous traffic violations, that may suggest that Herrero

was an incompetent or reckless driver at the time Ventura entrusted the tractor-trailer to him. Herrero's involvement in the collision itself is not evidence that creates an inference or conclusion that he is an incompetent or reckless driver under Texas law. *See Robson v. Gilbreath*, 267 S.W.3d 401, 405 (Tex. App. 2008, pet. denied); *see also Rivera v. United States*, 2015 WL 5608113, at *5 (W.D. Tex. Sept. 22, 2015) (dismissing negligent entrustment claim where plaintiff's allegation that driver was incompetent or reckless rested solely upon the vehicular collision itself). And plaintiffs fail to plead any facts that enable the court to draw the reasonable inference that Ventura knew or should have known that Herrero was an incompetent or reckless driver; it is well-established that "knowledge of the driver's incompetency when the owner gives consent is an essential element of a negligent entrustment action." *Monroe v. Grider*, 884 S.W.2d 811, 815 (Tex. App. 1994, writ denied) (citing *Briseno v. Martin*, 561 S.W.2d 794, 796 n.1 (Tex. 1977)). Accordingly, the court grants Ventura's motion to dismiss plaintiffs' negligent entrustment claim.

IV

The court next considers plaintiffs' negligent hiring, training, supervision, and retention claims against Ventura.

A

Negligent hiring, training, supervision, and retention claims are "simple negligence causes of action based on an employer's direct negligence rather than on vicarious liability." *Phillips*, 189 F.Supp.3d at 648 (citing *Guidry v. Nat'l Freight, Inc.*, 944 S.W.2d 807, 810 (Tex. App. 1997, no writ)). Although the Supreme Court of Texas has not ruled definitively

on the existence, elements, and scope of such torts, *see Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 804 n.27 (Tex. 2010), the elements of these claims are generally a duty, a breach of that duty, and damages proximately caused by the breach. *See Fifth Club, Inc. v. Ramirez*, 196 S.W.3d 788, 790, 796-97 (Tex. 2006); *Doe v. Boys Clubs of Greater Dall., Inc.*, 907 S.W.2d 472, 477-78 (Tex. 1995). To recover, "a plaintiff must show more than just negligent hiring practices." *Clark v. PFPP Ltd. P'ship*, 455 S.W.3d 283, 287 (Tex. App. 2015, no pet.) (citing *Wansey v. Hole*, 379 S.W.3d 246, 247 (Tex. 2012) (per curiam)). She must also show "that the employee committed an actionable tort against [her]." *Fuller v. CIG Fin., LLC*, 2023 WL 146251, at *3 (N.D. Tex. Jan. 10, 2023) (Fitzwater, J.) (quoting *Brown v. Swett & Crawford of Tex., Inc.*, 178 S.W.3d 373, 384 (Tex. App. 2005, no pet.)), *appeal docketed* (5th Cir. Jan. 22, 2024). The court analyzes plaintiffs' negligent hiring, training, supervision, and retention claims, in turn.

B

1

Regarding plaintiffs' negligent hiring claim, Ventura alleges that the amended complaint is "silent" as to why Herrero was "incompetent or unfit" or how Ventura knew or should have known that Herrero was "incompetent or unfit." D. Br. (ECF No. 17) at 6, ¶ 18. The amended complaint does not allege any facts concerning how Ventura's investigation of Herrero was inadequate or what Ventura's investigation should have revealed regarding Herrero's driving competence and fitness. Plaintiffs respond that the amended complaint alleges specifically that Ventura failed to use the degree of care a reasonable employer would

have used under the same or similar circumstances when hiring Herrero; that Ventura performed an inadequate background check on Herrero and failed to verify his driving ability; and that Ventura failed to investigate Herrero's driving ability, prior employment history, and driving record, and generally failed to make a prudent inquiry into his driving competence.  Plaintiffs again maintain that these allegations comply with Rule 8(b) and that modest discovery can be expected to "fill any holes" regarding their negligent hiring claim.

Employers have a duty to hire competent employees.  *See Greene v. W&W Energy Servs., Inc.*, 2021 WL 5155675, at *4 (S.D. Tex. Feb. 5, 2021) (quoting *THI of Tex. at Lubbock I, LLC v. Perea*, 329 S.W.3d 548, 573 (Tex. App. 2010, pet. denied)).  A plaintiff can demonstrate a breach of that duty with evidence that an employer knew, or by the exercise of reasonable care should have known, that an employee was incompetent or unfit, thereby creating an unreasonable risk of harm to others.  *See TXI Transp. Co. v. Hughes*, 224 S.W.3d 870, 901-02 (Tex. App. 2007), *rev'd on other grounds*, 306 S.W.3d 230 (Tex. 2010).  "The plaintiff must also prove that the risk that caused the . . . hiring to be negligent caused the accident at issue."  *TXI Transp. Co. v. Hughes*, 306 S.W.3d 230, 240 (Tex. 2010)  (citing *Schneider v. Esperanza Transmission Co.*, 744 S.W.2d 595, 597 (Tex. 1987)).  To plausibly plead a negligent hiring claim based on an employer's failure to screen the employee, a plaintiff must adequately allege that "anything found in a background check 'would cause a reasonable employer not to hire' the employee, or would be sufficient to put the employer 'on notice that hiring [the employee] would create a risk of harm to the public.'"  *Id.* (alteration in original) (quoting *Fifth Club*, 196 S.W.3d at 796).  Where a background check

would not have revealed the risk to the employer, the plaintiff will not succeed on a negligent hiring claim. *See id.*

## 2

Plaintiffs have failed to plead a plausible negligent hiring claim because they have not sufficiently alleged facts regarding how Ventura breached its duty to hire competent employees. For example, plaintiffs do not allege facts indicating that an investigation into Herrero's background would have caused a reasonable employer not to hire him as a tractor-trailer driver. Moreover, plaintiffs have not pleaded any facts regarding how plaintiffs' damages were proximately caused by the breach. Plaintiffs must adequately plead that the risk that caused the hiring to be negligent—such as being an incompetent, reckless driver—caused the accident. Plaintiffs' amended complaint is devoid of any facts regarding Herrero's past competence or fitness as a driver. Accordingly, the court grants Ventura's motion to dismiss plaintiffs' negligent hiring claim.

## C

Regarding plaintiffs' negligent training claim, Ventura maintains that plaintiffs have failed to plead any facts regarding Ventura's training process for truck drivers, and that plaintiffs rely solely on conclusory statements and make no attempt to allege what training Ventura should have provided Herrero. Plaintiffs respond that the amended complaint states specifically that Ventura failed to use the degree of care that a reasonable employer would have used under the same or similar circumstances when training Herrero; failed to train Herrero at all; failed to provide Herrero with the tools necessary to perform his job function

safely; and failed to train Herrero how to drive in a safe and prudent manner or to inspect his vehicle.

To plausibly plead a negligent training claim, a plaintiff must plead sufficient facts for the court to draw the reasonable inference that "'a reasonably prudent employer would have provided training beyond that which was given,' and that this failure to do so proximately caused [the plaintiff's] injuries." *Cobos v. Bluefin Water Sols., LLC*, 2022 WL 847235, at *8 (W.D. Tex. Mar. 22, 2022) (quoting *JBS Carriers, Inc. v. Washington*, 564 S.W.3d 830, 842 (Tex. 2018)).  Like the plaintiff in *Cobos*, plaintiffs do not plead any facts regarding Ventura's training process for tractor-trailer drivers such as Herrero.  *See id.*  And plaintiffs similarly fail to plead sufficient facts regarding what training should have been provided but was not.  *See Cavazos v. Bettis*, 2020 WL 6325728, at *3 (W.D. Tex. Aug. 25, 2020).  Plaintiffs' allegation that Ventura failed to train Herrero how to drive in a safe and prudent manner or inspect his vehicle, without more, is merely a conclusion that is inadequate to plead a plausible claim.  Accordingly, the court grants Ventura's motion to dismiss plaintiffs' negligent training claim.

## D

### 1

Regarding plaintiffs' negligent supervision claim, Ventura contends that, assuming *arguendo* that Ventura owed plaintiffs a legal duty to supervise and monitor Herrero, plaintiffs have not shown or even implied "how much supervision is typical of [Ventura] to provide but yet was not provided to [Herrero]" or whether Herrero even required any degree

of supervision. *See Cobos*, 2022 WL 847235, at *9. Plaintiffs respond that their amended complaint alleges that Ventura failed to use available driver monitoring systems to supervise Herrero; failed to implement, issue, and enforce safety policies and procedures, specifically those regarding proper pre- and post-trip inspections; and failed to monitor company compliance with existing safety policies and procedures, specifically Herrero's compliance with safety procedures, including telephone use and hours of service/fatigue violations. Plaintiffs maintain that these measures would have ensured that Herrero would operate the vehicle in a safe and prudent manner, would have identified preventable mechanical failures, and would have alleviated the risk to the public if a driver experienced a mechanical failure.

2

A negligent supervision claim, like a negligent training claim, requires the plaintiff to plausibly plead that "a reasonably prudent employer would have provided . . . supervision beyond that which was given and the failure to do so caused [the plaintiff's] injuries." *Johnson v. Cox*, 2024 WL 331631, at *7 (N.D. Tex. Jan. 29, 2024) (Brown, J.) (internal quotation marks omitted) (quoting *Lermon v. Minyard Food Stores, Inc.*, 2014 WL 6466840, at *8 (Tex. App. 2014, pet. denied)). The components of proximate cause are cause-in-fact and foreseeability. *See Doe*, 907 S.W.2d at 477.

Here, viewing the facts in light most favorable to plaintiffs, and assuming *arguendo* that Ventura had a duty to supervise Herrero, Hernandez's negligent supervision claim still fails because plaintiffs have not alleged any facts regarding how Ventura breached its duty or how that breach proximately caused the accident between Herrero and Alfaro. Plaintiffs

do not plead any facts indicating what supervision Ventura provided and what supervision a reasonably prudent employer would have provided beyond that which was given. Plaintiffs also do not allege sufficient facts to plausibly plead proximate cause: specifically, how Alfaro's death was a foreseeable consequence of Ventura's supervision of Herrero's driving. Plaintiffs' amended complaint is devoid of facts indicating that Ventura knew or should have known that Herrero was incompetent or unfit and therefore should have provided additional supervision. *See Saldana v. Selvera*, 2023 WL 3705813, at *2 (S.D. Tex. Mar. 8, 2023) (granting summary judgment because plaintiff failed to establish that lack of employee's annual review was proximate cause of plaintiff's injury); *Thompson v. Wal-Mart Stores Tex., LLC*, ___ F.Supp.3d ___, 2023 WL 8627619, at *5 (S.D. Tex. Dec. 13, 2023) (granting summary judgment because plaintiff did not cite any evidence that the task at issue could not be done safely without supervision). Accordingly, the court grants Ventura's motion to dismiss plaintiffs' negligent supervision claim.

E

1

Regarding plaintiffs negligent retention claim, Ventura contends that plaintiffs do not plead any facts concerning how Herrero was incompetent or unfit; how any investigation by Ventura into Herrero's background was inadequate; or what any such investigation should have revealed regarding Herrero. Plaintiffs do not respond specifically to Ventura regarding their negligent retention claim; however, plaintiffs allege that Ventura maintains sole control over training documentation and Herrero's personnel files and that modest discovery is

- 13 -

expected to "fill any holes" in their claim.

2

"The basis of responsibility under the doctrine of negligent retention is the master's negligence in retaining in his employ an incompetent servant whom the master knows, or by exercise of reasonable care should have known, was incompetent or unfit, thereby creating an unreasonable risk of harm to others." *CoTemp, Inc. v. Hous. W. Corp.*, 222 S.W.3d 487, 492 (Tex. App. 2007, no pet.) (citing *Houser v. Smith*, 968 S.W.2d 542, 546 (Tex. App. 1998, no pet.)). The elements of a negligent retention claim are, therefore, a duty, a breach of that duty, and damages proximately caused by the breach. *See Phillips*, 189 F.Supp.3d at 648.

Plaintiffs' amended complaint does not allege sufficient facts for the court to draw the reasonable inference that Herrero was an incompetent or unfit tractor-trailer driver such that Ventura can be liable for negligent retention. Plaintiffs cannot merely rely on anticipated discovery to survive a motion to dismiss: the Rule 12(b)(6) standard requires plaintiffs to plead sufficient facts for the court to draw the reasonable inference that Ventura is liable for the alleged misconduct. *See* Rule 12(b)(6); *Twombly*, 550 U.S. at 570. Accordingly, the court grants Ventura's motion to dismiss plaintiffs's negligent retention claim.

V

The court last considers plaintiffs' gross negligence claim.

A

Ventura contends that plaintiffs' gross negligence claim fails because plaintiffs "at no

- 14 -

point" allege facts supporting the "conscious indifference element" of their gross negligence claim; their amended complaint simply alleges that Ventura was grossly negligent for the same reasons that it was negligent; they do not allege facts showing how Ventura ratified or authorized Herrero's alleged acts and/or omissions; and plaintiffs only rely on labels and conclusions.

Plaintiffs respond that Ventura had actual and subjective knowledge of the importance of properly investigating Herrero's driving competence, ability, prior employment history, and driving record before hiring him; properly training Herrero to drive in a safe and prudent manner and to inspect his vehicle; properly supervising Herrero to ensure that he would operate the vehicle in a safe and prudent manner; implementing and enforcing safety policies and procedures for commercial drivers; supervising and directing safety personnel and managers to ensure that they are properly managing and training drivers; monitoring compliance with safety procedure; and providing its employees with the tools to safely perform the job. Plaintiffs allege that "[Ventura] ignored the rights and welfare of persons affected by its actions and omissions, proceeding with conscious indifference" regarding the preceding points. P. Resp. (ECF No. 22) at 10.

B

To recover for gross negligence under Texas law, a plaintiff must satisfy the elements of an ordinary negligence claim and also prove by clear and convincing evidence that the defendant acted with gross negligence. Gross negligence consists of objective and subjective elements. *See U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 137 (Tex. 2012) (citation

- 15 -

omitted).  Under Texas law, gross negligence means an act or omission:

> (A) which when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and (B) of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.

Tex. Civ. Prac. & Rem. Code Ann. § 41.001(11) (West 2015).  Risks are "examined prospectively from the perspective of the actor, not in hindsight," *Columbia Medical Center of Las Colinas, Inc. v. Hogue*, 271 S.W.3d 238, 248 (Tex. 2008) (citation omitted), and an "extreme risk" is "not a remote possibility or even a high probability of minor harm, but rather the likelihood of the plaintiff's serious injury," *U-Haul International*, 380 S.W.3d at 137 (citations omitted).  The subjective element requires that the plaintiff show "that the defendant knew about the peril, but his acts or omissions demonstrate that he did not care." *Diamond Shamrock Refin. Co. v. Hall*, 168 S.W.3d 164, 173 (Tex. 2005) (quoting *La.-Pac. Corp. v. Andrade*, 19 S.W.3d 245, 247-48 (Tex. 1999)).

C

As the court explains above, plaintiffs have failed to plead a plausible negligence claim against Ventura.  This failure necessarily means that they have failed to plead a plausible gross negligence claim, and this claim must also be dismissed.

VI

Although the court is dismissing plaintiffs' claims against Ventura, it will permit them to replead.

- 16 -

> In view of the consequences of dismissal on the complaint alone, and the pull to decide cases on the merits rather than on the sufficiency of pleadings, district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.

*In re Am. Airlines, Inc., Priv. Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (alteration omitted) (quoting *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)). It is not clear that the defects in the amended complaint are incurable, and plaintiffs request in the alternative that they be given leave to amend.

\*   \*   \*

For the reasons explained, the court grants Ventura's December 13, 2023 motion to dismiss and also grants plaintiffs leave to file a second amended complaint within 28 days of the date this memorandum opinion and order is filed.

**SO ORDERED**.

February 13, 2024.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE

- 17 -